IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO SEGURA,

    Plaintiff,

vs.

T. FELKER, et al.,

    Defendants.

No. CIV S-08-2137-SPG (PC)

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**I. Background**

    **A. Procedural History**

On September 11, 2008, Plaintiff Lorenzo Segura, a state prisoner incarcerated at California's High Desert Prison, proceeding without counsel, filed this civil rights action under 42 U.S.C. § 1983. Clerk's Record, Docket No. 1 ("Doc." 1.). Plaintiff was confined at the time of the events giving rise to the complaint. On May 13, 2009, this court determined that the complaint stated cognizable claims for relief "stemming from allegations that Defendants failed to provide Plaintiff access to legal materials and destroyed Plaintiff's personal property, including legal materials, in retaliation for his using administrative grievance procedures, in violation of his First Amendment right to free speech and the Fourteenth Amendment's prohibition against

1

deprivation of life, liberty, or property without due process of law." (Doc. 16.) The complaint named Defendants Warden T. Felker, Correctional Officer ("C/O") McGuire, C/O Sanchez, C/O Green, C/O Fannon, Sgt. Ingwerson, Sgt. Medonca, and Sgt. Carrera. (Doc. 1.)

On September 24, 2009, all Defendants filed a motion to dismiss Plaintiff's complaint. (Doc. 22.) On November 4, 2009, Plaintiff filed an opposition. (Doc. 25.)

### B. Summary of Alleged Facts

Plaintiff alleges that Defendants have denied him access to legal materials in an unspecified ongoing case. On August 30, 2006, Plaintiff asked Defendant Medonca for access to his legal materials. Defendant Medonca told Plaintiff to ask Defendant McGuire. On September 7, 2006, Plaintiff asked Defendant McGuire for his legal materials. Defendant McGuire promised to return later with his materials, but did not return. On October 11, 2006, Plaintiff asked C/O Micone for access to his legal materials. C/O Micone told Plaintiff to ask Defendants McGuire and Sanchez. On October 20, 2006, Defendant Sanchez and C/O Micone visited Plaintiff's cell. Defendant Sanchez told Plaintiff that he would not bring Plaintiff his legal materials. On November 22, 2006, Plaintiff asked Defendant McGuire. Defendant McGuire told Plaintiff to ask Defendant Medonca. On January 16, 2006, Plaintiff again asked Defendant McGuire, who responded that Plaintiff would not be getting anything so stop asking. Defendant McGuire called Plaintiff a "cry baby."

Plaintiff alleges that his personal property has been destroyed. Plaintiff alleges that all of his legal mail has been opened outside his presence and read in violation of California law. Plaintiff alleges that Defendants' conduct constitutes retaliation.

## II. Analysis

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In considering a Rule

12(b)(6) motion, the court must accept as true the factual allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). In addition, the pleadings of a litigant proceeding without counsel should be construed liberally. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim must have facial plausibility to survive a motion to dismiss, and facial plausibility arises when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When ruling on a motion to dismiss, the court generally may not consider material outside the complaint. Friedman v. Boucher, 580 F.3d 847, 852 n.3 (9th Cir. 2009). But the court may consider materials outside the complaint "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies." Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

**B. Motion to Dismiss**

    **1. Exhaustion of Nonjudicial Remedies**

A prisoner plaintiff must exhaust his nonjudicial remedies before filing a § 1983 complaint in federal court. Porter v. Nussle, 534 U.S. 516, 524 (2002).

In their motion to dismiss, Defendants assert that Plaintiff exhausted only two claims: his "access to the courts" claim and his "deprivation of personal property" claim. Defendants attached documentation supporting that assertion. In his response, Plaintiff states that he never intended to raise any other claims in his complaint. To the contrary, "[t]he only claims that are exhausted and presented in the complaint, (claims for relief) are [Plaintiff's] property, and access to court claim [which are] clear violation[s] of [P]laintiff's due process rights." (Doc. 25, at 4.) This court agrees with the parties that Plaintiff exhausted only his "access to the courts" claim and his "deprivation of personal property" claim.

Accordingly, this court GRANTS Defendants' motion to dismiss Plaintiff's retaliation claim and "opening of legal mail" claim and orders that those claims be dismissed as to all

Defendants without leave to amend.

### 2. Access to the Courts Claim

Inmates have a constitutional right to access the courts to attack their sentences and to challenge the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 354-55 (1996). An inmate alleging an interference with access to the courts must show an actual injury. Id. at 349-51. To meet that requirement, an inmate must allege that "a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353 (footnote omitted). "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." Christopher v. Harbury, 536 U.S. 403, 415 (2002). "It follows, too, that when the access claim . . . looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id.

Here, Plaintiff's complaint asserts that the relevant legal materials pertain to an "ongoing case," Doc. 1, at 5, para. 16, or an "active case," id. at 5, para. 20, or a "criminal case pending in the district court," id. at 6, para. 22. Plaintiff's complaint does not elaborate on the nature of the underlying cause of action. Plaintiff's complaint fails to identify the underlying cause of action with the specificity required by the Supreme Court in Christopher.

Plaintiff's complaint states that the denial of legal materials "caused Plaintiff's petition to be dismissed." But Plaintiff does not explain the nature of the "petition" or how the deprivation of the materials "caused" the dismissal of the petition. Nor does the complaint "identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Christopher, 536 U.S. at 415. Plaintiff's complaint fails to identify the actual injury suffered by Plaintiff as required by the Supreme Court in Lewis and Christopher.

For the reasons stated above, this court concludes that Plaintiff has failed to state a claim for denial of access to the courts. Accordingly, this court GRANTS Defendants' motion to dismiss Plaintiff's "access to the courts" claim and orders that the claim be dismissed with leave to amend within 60 days.

### 3. Deprivation of Personal Property Claim

An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532 (1984). An authorized deprivation occurs when an employee of the State carries out established procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985) (en banc). When the deprivation is not carried out pursuant to established procedures, regulations, or statutes, "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). "California law provides an adequate post-deprivation remedy for any property deprivations." Id. 816-17.

Here, Plaintiff's complaint alleges that Defendants' conduct was carried out pursuant to "[D]efendants' own rules and regulations, what their mind told them to do. They failed to follow the basic laid down procedure of CDCR [California Department of Corrections and Rehabilitation]." (Doc. 1, at 10, para. 46.) Plaintiff's opposition to the motion to dismiss repeats that allegation verbatim. Because Plaintiff's complaint does not allege that any Defendant was acting pursuant to established procedures, regulations, or statutes, this court concludes that Plaintiff has failed to state a claim for deprivation of personal property.

Accordingly, this court GRANTS Defendants' motion to dismiss Plaintiff's "deprivation of personal property" claim and orders that the claim be dismissed with leave to amend within 60 days.

### 4. Defendants Felker, Green, Fannon, Ingwerson, and Carrera

Plaintiff's complaint identifies Defendants Felker, Green, Fannon, Ingwerson, and Carrera as employees of the prison but fails to allege any personal actions by those Defendants. Accordingly, as an alternative ground, this court GRANTS Defendants' motion to dismiss Plaintiff's complaint in its entirety with respect to Defendants Felker, Green, Fannon, Ingwerson, and Carrera and orders that the claims be dismissed with leave to amend within 60 days.

### 5. Injunctive Relief and Defendants in their Official Capacity

In the alternative, Defendants seek an order dismissing the complaint as it pertains to injunctive relief and an order dismissing all Defendants in their official capacities. As discussed above, Plaintiff's complaint is dismissed in its entirety, with leave to amend in certain regards. This court therefore finds it unnecessary at this time to address Defendants' motion concerning injunctive relief and official capacities.

Accordingly, this court DENIES as moot Defendants' motion to dismiss as it pertains to injunctive relief and as it pertains to Defendants acting in their official capacities. This denial is without prejudice to Defendants' raising the identical arguments with respect to an amended complaint.

### III. Conclusion and Order

For the foregoing reasons, the court hereby:

1. GRANTS the motions to dismiss Plaintiff's retaliation and "opening of legal mail" claims as to all Defendants with prejudice;

2. GRANTS, with leave to amend within 60 days, the motions to dismiss Plaintiff's "access to the court" claim and Plaintiff's "deprivation of personal property" claim;

3. GRANTS, with leave to amend within 60 days, the motion to dismiss the complaint in its entirety against Defendants Felker, Green, Fannon, and Ingwerson, and Carrera; and

4. DENIES as moot the motion to dismiss concerning injunctive relief and official capacities.

IT IS SO ORDERED.

DATED: February 1, 2010

    /s/ Susan P. Graber

UNITED STATES CIRCUIT JUDGE