IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO SEGURA,

    Plaintiff,

vs.

T. FELKER, et al.,

    Defendants.

        No. CIV S-08-2137-SPG (PC)

        ORDER DISMISSING PLAINTIFF'S
        FIRST AMENDED COMPLAINT

**I. Background**

    **A. Procedural History**

On September 11, 2008, Plaintiff Lorenzo Segura, a state prisoner incarcerated at California's High Desert Prison, proceeding without counsel, filed this civil rights action under 42 U.S.C. § 1983, in an original complaint. Clerk's Record, Docket No. 1 ("Doc." 1.). Plaintiff was confined at the time of the events giving rise to the complaint. On May 13, 2009, this court determined that the original complaint stated cognizable claims for relief "stemming from allegations that Defendants failed to provide Plaintiff access to legal materials and destroyed Plaintiff's personal property, including legal materials, in retaliation for his using administrative grievance procedures, in violation of his First Amendment right to free speech and the Fourteenth

1

Amendment's prohibition against deprivation of life, liberty, or property without due process of law." (Doc. 16.)  The original complaint named Defendants Warden T. Felker, Correctional Officer ("C/O") McGuire, C/O Sanchez, C/O Green, C/O Fannon, Sgt. Ingwerson, Sgt. Medonca, and Sgt. Carrera.  (Doc. 1.)

On September 24, 2009, all Defendants filed a motion to dismiss Plaintiff's original complaint. (Doc. 22.)  On November 4, 2009, Plaintiff filed an opposition. (Doc. 25.)  On February 1, 2010, this court filed an order dismissing Plaintiff's original complaint, with leave to amend in certain respects. (Doc. 26.)  Specifically, this court granted leave to amend with respect to specified Defendants, with respect to Plaintiff's "access to the courts" claim, and with respect to Plaintiff's "deprivation of personal property" claim.  Id.

On April 1, 2010, Plaintiff filed a first amended complaint ("complaint"). (Doc. 28.)  On April 16, 2010, Defendants filed a "Request for Screening Under 28 U.S.C. [§] 1915A." (Doc. 29.)  For the reasons explained below, the court GRANTS Defendants' request for screening.

**B.  Summary of Alleged Facts**

Plaintiff alleges that Defendants have denied him access to legal materials.  On August 30, 2006, Plaintiff asked Defendant Medonca for access to his legal materials.  Defendant Medonca told Plaintiff to ask Defendants McGuire and Sanchez.  On September 7, 2006, Plaintiff asked Defendant McGuire for his legal materials.  Defendant McGuire promised to return later with his materials, but did not return.  On October 11, 2006, Plaintiff asked C/O Micone for access to his legal materials.  C/O Micone told Plaintiff to ask Defendants McGuire and Sanchez.  On October 20, 2006, Defendants Sanchez and C/O Micone visited Plaintiff's cell.  Defendant Sanchez told Plaintiff that he would not bring Plaintiff his legal materials.  On November 22, 2006, Plaintiff asked Defendant McGuire.  Defendant McGuire became angry and told Plaintiff to ask Defendant Medonca.  On January 16, 2006, Plaintiff again asked Defendant McGuire, who responded that Plaintiff would not be getting anything so stop asking.  Defendant McGuire called Plaintiff a "cry baby."  Around January 27, 2007, Plaintiff asked Defendant

Carrera. Defendant Carrera refused to look for Plaintiff's property.

On September 20, 2007, Defendant Ingwerson interviewed Plaintiff and determined that none of the property was in Plaintiff's cell. On October 14, 2007, Defendant Ingwerson stated that the property was lost and that the institution would pay for the legal materials to be obtained from the court. On October 28, 2007, Defendants Green and Fannon searched Plaintiff's cell and submitted an allegedly false report that the "missing" materials were found in Plaintiff's cell.

Plaintiff alleges that his personal property has not been returned to him. At times, Plaintiff's complaint alleges that Defendants destroyed his personal property.

The court notes that an insignificant portion of page 8 of the complaint is obscured, likely due to copy-machine error. The error does not alter the analysis below.

## II. Analysis

### A. Legal Standard

Title 28 U.S.C. § 1915A(b) states that the court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted." "In reviewing a dismissal for failure to state a claim, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007). "Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation marks omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. (internal quotation marks omitted).

### B. Screening under § 1915A

As discussed above, this court granted leave to amend with respect to two claims: the "access to the courts" claim and the "deprivation of personal property" claim.

#### 1. Access to the Courts Claim

Inmates have a constitutional right to access the courts to attack their sentences and to challenge the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 354-55 (1996). An inmate alleging an interference with access to the courts must show an actual injury. Id. at 349-51. To meet that requirement, an inmate must allege that "a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353 (footnote omitted). "It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint . . . ." Christopher v. Harbury, 536 U.S. 403, 415 (2002). "It follows, too, that when the access claim . . . looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. "[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. at 416. "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-18 (footnote omitted).

Plaintiff's original complaint asserted only that the relevant legal materials pertained to an "ongoing case," an "active case," and a "criminal case pending in the district court." Doc. 1, at 5-6. Plaintiff's original complaint also failed to identify the remedy available under the access claim that could not be obtained through a separate lawsuit. The court held that Plaintiff's original complaint failed "to identify the underlying cause of action with the specificity required by the Supreme Court in Christopher." Doc. 26, at 4. The court also held that Plaintiff's original complaint failed "to identify the actual injury suffered by Plaintiff as required by the Supreme Court in Lewis and Christopher." Id.

Plaintiff's first amended complaint suffers from those same defects. As explained by the Supreme Court in Christopher, the existence of an arguable, non-frivolous underlying claim is an element to an "access to the courts" claim. Plaintiff must explain the underlying claim (or claims) with sufficient specificity so that this court can assess whether the underlying claim is

arguable and non-frivolous. Plaintiff's first amended complaint provides no additional detail on the nature of the underlying claim or claims. Plaintiff's first amended complaint does provide some additional detail on the nature of the action Plaintiff sought to bring or had brought. For instance, at times, the complaint refers to an uncompleted federal habeas petition. Doc. 28, at 8. At other times, the complaint refers to "an active case on appeal in the District Court," id. at 9, an "active pending case that [Plaintiff] ha[s] in the federal District Court," id., or an "ongoing case," id. at 10. But the complaint never describes, or even states, what claims Plaintiff sought to raise in the federal habeas petition or in the ongoing, active case. Plaintiff alleges "that a non-frivolous legal claim has been frustrated and was impeded." Id. at 17. But Plaintiff must specify which legal claim he seeks or sought to bring, not simply that he sought to bring a legal claim in a federal habeas petition. "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18 (footnote omitted). Because the court is unaware of the underlying legal claim, it cannot assess whether a remedy is available in this case that is unavailable in a separate action.

For the reasons stated above, this court concludes that Plaintiff has failed to state a claim for denial of access to the courts. Plaintiff's complaint suffers from a lack of specificity, a defect that could be cured by amendment. See Weilburg, 488 F.3d at 1205 ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Accordingly, this court DISMISSES Plaintiff's "access to the courts" claim and orders that the claim be dismissed with leave to amend within 60 days.

### 2. Deprivation of Personal Property Claim

An authorized, intentional deprivation of property is actionable under the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 532 (1984). An authorized deprivation occurs when

an employee of the State carries out established procedures, regulations, or statutes. Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985) (en banc).  When the deprivation is not carried out pursuant to established procedures, regulations, or statutes, "a negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); see also Raditch v. United States, 929 F.2d 478, 480-81 (9th Cir. 1991) (discussing the relevant law).  "California law provides an adequate post-deprivation remedy for any property deprivations." Barnett, 31 F.3d at 816-17.

      Plaintiff's original complaint alleged that Defendants' conduct was carried out pursuant to "[D]efendants' own rules and regulations, what their mind told them to do.  They failed to follow the basic laid down procedure of CDCR [California Department of Corrections and Rehabilitation]." (Doc. 1, at 10, para. 46.)  Plaintiff's opposition to Defendants' original motion to dismiss repeated that allegation verbatim.  Because Plaintiff's original complaint did not allege that any Defendant was acting pursuant to established procedures, regulations, or statutes, this court concluded that Plaintiff has failed to state a claim for deprivation of personal property.  Out of an abundance of caution, this court dismissed Plaintiff's "deprivation of personal property" claim with leave to amend.

      Plaintiff's first amended complaint repeats the same allegation, though with slightly different words: "Defendants['] illegal actions and mis-use of power violated CDCR['s] plain procedural" requirements.  Doc. 29, at 21.  Like the original complaint, this complaint does not allege that any Defendant was acting pursuant to established procedures, regulations, or statutes.  Because Plaintiff's allegations on this point—in the original complaint, in the opposition to the motion to dismiss, and in its first amended complaint—is repeated and consistent, "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg, 488 F.3d at 1205.  Accordingly, this court DISMISSES Plaintiff's "deprivation of personal property" claim with prejudice and without leave to amend.

### III. Conclusion and Order

For the foregoing reasons, the court hereby:

1. GRANTS Defendants' request for screening under 28 U.S.C. § 1915A;

2. DISMISSES, with leave to amend within 60 days, Plaintiff's "access to the court" claim; and

3. DISMISSES, with prejudice, Plaintiff's "deprivation of personal property" claim.

IT IS SO ORDERED.

DATED: April 23, 2010

                                                  /s/ Susan P. Graber
                                            UNITED STATES CIRCUIT JUDGE