IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO SEGURA,

    Plaintiff,

vs.

T. FELKER, et al.,

    Defendants.

No. CIV S-08-2137-SPG (PC)

ORDER

**I. Procedural History**

    On September 11, 2008, Plaintiff Lorenzo Segura, a state prisoner incarcerated at California's High Desert Prison, proceeding without counsel, filed this civil rights action under 42 U.S.C. § 1983, in an original complaint. Clerk's Record, Docket No. 1 ("Doc." 1.). Plaintiff was confined at the time of the events giving rise to the complaint. On May 13, 2009, this court determined that the original complaint stated cognizable claims for relief "stemming from allegations that Defendants failed to provide Plaintiff access to legal materials and destroyed Plaintiff's personal property, including legal materials, in retaliation for his using administrative grievance procedures, in violation of his First Amendment right to free speech and the Fourteenth Amendment's prohibition against deprivation of life, liberty, or property without due process of

1

law." (Doc. 16.)

On September 24, 2009, all Defendants filed a motion to dismiss Plaintiff's original complaint. (Doc. 22.) On November 4, 2009, Plaintiff filed an opposition. (Doc. 25.) On February 1, 2010, this court filed an order dismissing Plaintiff's original complaint, with leave to amend in certain respects. (Doc. 26.) Specifically, this court granted leave to amend with respect to specified Defendants, with respect to Plaintiff's "access to the courts" claim, and with respect to Plaintiff's "deprivation of personal property" claim. Id.

On April 1, 2010, Plaintiff filed a first amended complaint. (Doc. 28.) On April 16, 2010, Defendants filed a "Request for Screening Under 28 U.S.C. [§] 1915A." (Doc. 29.) On April 26, 2010, this court granted Defendants' request for screening and dismissed Plaintiff's first amended complaint. (Doc. 30.) In particular, this court dismissed with prejudice Plaintiff's "deprivation of personal property" claim and dismissed, with leave to amend, Plaintiff's "access to the courts" claim. Id.

On June 25, 2010, within the specified time to amend, Plaintiff filed a second amended complaint ("complaint"). (Doc. 31.) Pursuant to 28 U.S.C. § 1915A, this court now screens the complaint for grounds for dismissal.

**II. Analysis**

    **A. Legal Standard**

Title 28 U.S.C. § 1915A(b) states that the court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted." "In reviewing a dismissal for failure to state a claim, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007). "Pro se complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotation marks omitted). "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies

of the complaint could not be cured by amendment." Id. (internal quotation marks omitted).

### B. Screening under § 1915A

Plaintiff's second amended complaint asserts two claims: a "deprivation of personal property" claim and an "access to the courts" claim.

#### 1. Deprivation of Personal Property Claim

In the order dated April 26, 2010, this court dismissed <u>with prejudice</u> Plaintiff's "deprivation of personal property" claim. Plaintiff's second amended complaint raises this identical claim. Accordingly, this court again dismisses <u>with prejudice</u> Plaintiff's "deprivation of personal property" claim. Plaintiff is admonished not to raise this claim or any arguments related to this claim in any further submissions before the court.

#### 2. Access to the Courts Claim

In the order dated April 26, 2010, this court dismissed, with leave to amend, Plaintiff's "access to the courts" claim. This court held that Plaintiff's first amended complaint failed to specify the underlying claim Plaintiff sought to bring and failed to identify a remedy not available in another proceeding. On review of Plaintiff's second amended complaint, this court holds that the standards for dismissal under 28 U.S.C. § 1915A are not met. For purposes of § 1915A, Plaintiff's second amended complaint cures the previously identified deficiencies of the first amended complaint.

Plaintiff's second amended complaint states an "access to the courts" claim. Specifically, Plaintiff alleges that Defendants' allegedly unconstitutional conduct prevented him from filing a federal habeas petition raising the colorable constitutional argument that the state court erroneously denied his lawyer the opportunity to inquire into possible improper influences in the jury resulting from a courthouse shooting incident during Plaintiff's state-court trial, an alleged violation of the Sixth and Fourteenth Amendments. For purposes of § 1915A, this allegation meets the specificity requirement set forth in <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002).

Concerning the actual injury, Plaintiff seeks three forms of relief: (1) an order directing

that he may pursue his federal habeas petition "without any default in the federal district court," (2) an order requiring the return of his legal documents, and (3) money damages. For purposes of § 1915A, the third form of relief sought is a "remedy available under the access claim and presently unique to it." Christopher, 536 U.S. at 417-18. Money damages is an appropriate remedy in a 42 U.S.C. § 1983 case, and money damages are not available in a federal habeas proceeding. Accordingly, this form of relief suffices to meet the "actual injury" requirement as specified by Christopher and Lewis v. Casey, 518 U.S. 343 (1996).[1]

### III. Conclusion and Order

For the foregoing reasons, the court hereby:

1. DISMISSES, with prejudice, Plaintiff's "deprivation of personal property" claim; and

2. RECOGNIZES that Plaintiff's second amended complaint states an "access to the courts" claim.

IT IS SO ORDERED.

DATED: July 22, 2010

       /s/ Susan P. Graber
    UNITED STATES CIRCUIT JUDGE

---

[1] The other two remedies sought do not suffice. Plaintiff may seek an exception to any default in a federal habeas proceeding, and Plaintiff may seek the return of his documents in a state-court proceeding, as explained in the court's order dated April 26, 2010.

4