IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORENZO SEGURA,

       Plaintiff,                          No. CIV S-08-2137-SPG (PC)

       vs.

T. FELKER, et al.,                      ORDER GRANTING DEFENDANTS' MOTION
                                                FOR JUDGMENT ON THE PLEADINGS
       Defendants.

_____/

**I.  Procedural History**

       On September 11, 2008, Plaintiff Lorenzo Segura, a state prisoner incarcerated at California's High Desert Prison, proceeding without counsel, filed this civil rights action under 42 U.S.C. § 1983, in an original complaint. Clerk's Record, Docket No. 1 ("Doc." 1).  Plaintiff was confined at the time of the events giving rise to the complaint.  On May 13, 2009, this court determined that the original complaint stated cognizable claims for relief "stemming from allegations that Defendants failed to provide Plaintiff access to legal materials and destroyed Plaintiff's personal property, including legal materials, in retaliation for his using administrative grievance procedures, in violation of his First Amendment right to free speech and the Fourteenth Amendment's prohibition against deprivation of life, liberty, or property without due

1

process of law." (Doc. 16.)

On September 24, 2009, all Defendants filed a motion to dismiss Plaintiff's original complaint. (Doc. 22.) On November 4, 2009, Plaintiff filed an opposition. (Doc. 25.) On February 1, 2010, this court filed an order dismissing Plaintiff's original complaint, with leave to amend in certain respects. (Doc. 26.) Specifically, this court granted leave to amend with respect to specified Defendants, with respect to Plaintiff's "access to the courts" claim, and with respect to Plaintiff's "deprivation of personal property" claim. Id.

On April 1, 2010, Plaintiff filed a first amended complaint. (Doc. 28.) On April 16, 2010, Defendants filed a "Request for Screening Under 28 U.S.C. [§] 1915A." (Doc. 29.) On April 26, 2010, this court granted Defendants' request for screening and dismissed Plaintiff's first amended complaint. (Doc. 30.) In particular, this court dismissed with prejudice Plaintiff's "deprivation of personal property" claim and dismissed, with leave to amend, Plaintiff's "access to the courts" claim. Id. With respect to the "access to the courts" claim, this court held that Plaintiff's first amended complaint failed to specify the underlying claim that Plaintiff sought to bring and failed to identify a remedy not available in another proceeding.

On June 25, 2010, within the specified time to amend, Plaintiff filed a second amended complaint ("complaint"). (Doc. 31.) On July 22, 2010, this court screened the complaint for grounds for dismissal pursuant to 28 U.S.C. § 1915A. (Doc. 33.) On review of Plaintiff's second amended complaint, this court held that the standards for dismissal under 28 U.S.C. § 1915A were not met. For purposes of § 1915A, Plaintiff's second amended complaint cured the previously identified deficiencies of the first amended complaint. In particular, Plaintiff's second amended complaint alleged that Defendants frustrated Plaintiff's attempts to file a timely habeas petition and that Plaintiff was entitled to money damages.

On March 30, 2011, Defendants filed a motion for judgment on the pleadings. (Doc. 45.)

On May 23, 2011, Plaintiff filed a response to the motion.[1] (Doc. 50.) On May 31, 2011, Defendants filed a reply. (Doc. 52.)

Both parties also filed requests for judicial notice. (Docs. 45, 51.)

## II. Analysis

### A. Requests for Judicial Notice

Both parties seek judicial notice of documents filed in a separate court proceeding. Having reviewed the documents, this court finds that the documents are suitable for judicial notice. This court therefore GRANTS all requests for judicial notice.

### B. Access to the Courts Claim

This court held that Plaintiff's second amended complaint did not meet the standards for dismissal under 28 U.S.C. § 1915A because "Plaintiff alleges that Defendants' allegedly unconstitutional conduct prevented him from filing a federal habeas petition raising [a] colorable constitutional argument." (Doc. 33.) In their motion for judgment on the pleadings, Defendants contend that Plaintiff filed a federal habeas petition raising the specific constitutional argument and that the federal district court dismissed the claim <u>on the merits</u> and specifically declined to reach the timeliness of the petition. Defendants attached the relevant documents from that district court case. Defendants argue that, because Plaintiff filed his petition in federal district court and because the court reached the merits of that claim, Plaintiff's "access to the courts" claim here must fail. <u>See</u> <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002); <u>Lewis v. Casey</u>, 518 U.S. 343 (1996).

In his response, Plaintiff agrees with the factual assertions made by Defendants. Plaintiff argues that his "access to the courts" claim survives, however, for two reasons. First, Plaintiff contends that, had his claim been meritorious, the district court would have denied the claim

---

[1] The response is styled as a "motion to dismiss 12(c) motion for judgment on the pleadings." To the extent that Plaintiff seeks to "dismiss" Defendants' motion, that request is DENIED. This court construes Plaintiff's "motion" as a response to Defendants' motion.

Case 2:08-cv-02137-SPG   Document 53   Filed 06/02/11   Page 4 of 4

anyway, on the ground that his petition was not timely. Second, Plaintiff contends that, had Defendants not frustrated his attempts to file the habeas petition, he would have presented a stronger claim.

This court holds that Plaintiff's claim cannot meet the requirements of Christopher and Lewis. Because Plaintiff successfully received resolution of his constitutional claim on the merits in the federal habeas proceeding, he cannot demonstrate "an opportunity already lost." Christopher, 536 U.S. at 414. Without the lost opportunity, Plaintiff "cannot have suffered injury by being shut out of court." Id. at 415. Additionally, even assuming that Defendants' actions frustrated Plaintiff's ability to present his claims with high quality, the right of access to the courts does not include the ability "to litigate effectively once in court." Lewis, 518 U.S. at 354.

**III. Conclusion and Order**

For the foregoing reasons, the court hereby:

1. GRANTS all pending requests for judicial notice; and

2. DISMISSES, with prejudice, Plaintiff's second amended complaint.

IT IS SO ORDERED. The clerk of the court is directed to enter judgment and close the case.

DATED: June 1, 2011

                                    /s/ Susan P. Graber
                                    UNITED STATES CIRCUIT JUDGE

4